Sims' Administrator v. Kelsay, *Appellant.*

1.  **Unlawful Detainer,** no allowance for improvements.   The law
    does not authorize the allowance of compensation for improvements
    in the action of unlawful detainer, and the court has  no  power to
    entertain a petition for such  allowance, even by consent of  parties.

2.  ———: ———: execution.   After  a judgment for plaintiff in un-
    lawful detainer, defendant filed a supplemental petition praying al-
    lowance of improvements, whereupon  the court ordered a stay of
    execution, with leave to plaintiff to answer the  petition before the
    next term.   At the next term, instead of answering the  petition
    the plaintiff moved for execution, and the court granted the motion.
    *Held*, that there was  no error in  this, 1st, because  the order for a
    stay was void .  2nd, because it had expired when the execution was
    ordered.

3.  ———: execution : proper party.   Where the  plaintiff in an ac-
    tion of unlawful detainer dies leaving a judgment for  possession
    and damages unsatisfied as to  the damages, execution  properly is-
    sues in the name of the administrator, not of  the heir.

4.  **Practice in Supreme Court.**   Allegations contained in a motion
    unsupported by evidence, cannot be received on appeal as true.

*Appeal from Morgan  Circuit  Court.*—Hon. G. W. Miller,
                          Judge.

Affirmed.

Mrs. Evaline U. McCoy, claiming title to a house and lot in Versailles, Morgan county, let the same to defendant John B. Kelsay, who immediately went into possession. Shortly thereafter John Sims, then administrator of the estate of John C. McCoy, the deceased husband of Mrs. E. U. McCoy, offered the same premises for sale as part of the estate of the deceased, and Kelsay became the purchaser; and afterward refused to pay rent for the premises. Thereupon Mrs. McCoy brought this suit, an action of unlawful detainer, and obtained judgment before the justice of the peace for possession of the premises and for damages, and on appeal to the circuit court, at the April term, 1878, again obtained judgment there. Defendant filed his motion for new trial, which was immediately overruled. At the same term he filed his petition for allowance of improvements, set out in the opinion, verified by his own affidavit, and the case was continued to the next term. Shortly thereafter Mrs. McCoy died, and Sims was appointed her administrator also. Sims filed no answer to defendant's petition, but instead, at the October term, 1878, moved for execution upon the judgment, and the court granted the motion. Defendant moved to set aside this last order; but the motion was overruled, and at the same term defendant took this appeal.

*A. W. Anthony* for appellant.

*Draffen & Williams* and *T. M. Rice* and *B. R. Richardson* for respondent.

SHERWOOD, C. J.—No appeal was taken from the judgment rendered at the April term, 1878, and on the 3rd day of April, in favor of Evaline U. McCoy, for possession of the premises, and for damages for the detention thereof. After judgment rendered, and after the term had passed, the defendant, as the record recites, in pursuance of the judgment, voluntarily surrendered possession of the prem-

ises to Evaline U. McCoy, but failed to pay the damages assessed ; that subsequently John Sims, the present plaintiff, was appointed and qualified as her administrator.

At the October term, 1878, the administrator moved the court that execution issue in his favor, as such administrator, for the damages, etc., assessed. This motion was granted, notwithstanding the objections of the defendant, who afterward offered to file a motion to set aside the order for the issuance of execution. Permission to file this motion was refused. In support of this motion he offered in evidence a record entry, made at the April term, and after the rendition of judgment, in these words:

" MORGAN CIRCUIT COURT, APRIL TERM, 1878, April 9th.
*Evaline U. McCoy, plaintiff,*

    *v.*

*John B. Kelsay, defendant.*

Now, at this day, comes the defendant, by his attorney, and by leave of the court files his petition for improvements made on the premises sued for in this cause, and he asks the court for stay of execution, as to damages recovered against him.

And thereupon, by consent of plaintiff's attorney, a stay of execution as to damages, is granted by the court and leave is granted plaintiff to answer petition for improvements, sixty days before next term."

The foregoing entry was made upon the filing of the following petition :

" IN THE CIRCUIT COURT OF MORGAN COUNTY, }
                   April Term, 1878. }

*Evaline U. McCoy, plaintiff,*

    *v.*

*John B. Kelsay, defendant.*

Defendant states to the court that after he entered into the possession of the premises claimed by the plaintiff in her petition, the same were sold by John Sims, as administrator of the estate of John C. McCoy, and defendant pur-

chased and paid for the same, and received a deed therefor from said administrator; that the defendant was, by the declarations of said plaintiff, induced to believe, and did believe at the time of his said purchase, that he acquired thereby good title to the said property, as against the plaintiff, and so believing and relying on the declarations of the plaintiff, defendant has made, on said premises, lasting and valuable improvements, which are of the value of $200 or more; that plaintiff is wholly insolvent, and that if defendant is compelled to pay the damages awarded against him by the jury in this cause, he is without remedy and will lose the value of said improvements. Wherefore he prays the court to grant him a stay of execution as to the damages rendered, until inquiry can be had as to the value of said improvements, and that the defendant have judgment therefor, and that the amount be offset against plaintiff's recovery, and for all other proper relief in the premises."

## I.

The statutory provisions giving compensation for improvements do not apply to the action of unlawful detainer, but only to that of ejectment. R. S. 1879, p. 377, § 2259. The Morgan circuit court had no jurisdiction to make the entry of April the 9th, and its act in that regard must be deemed *coram non judice*. Besides, there had been, so far as concerned that court, a final disposition of the cause by judgment rendered, from which no appeal was taken. And it is very clear that the alleged consent of the former plaintiff, as shown by the entry referred to, could not confer jurisdiction when none existed before. *Stone v. Corbett*, 20 Mo. 350; *Lindell's Adm'r v. Railway*, 36 Mo. 543; *Dodson, Adm'r, v. Scroggs, Adm'r*, 47 Mo. 285; *Cones v. Ward*, 47 Mo. 289. A special statutory authority and jurisdiction, such as that conferred on the circuit court by the section aforesaid of the ejectment act, can neither be en-

larged nor extended to cases other than those for which particular provision is made therein.

As the entry made at the April term was made without any warrant of law, as no right or jurisdiction existed to make it, the court very properly disregarded it, at the October term when ordering execution to issue in favor of the administrator for damages, etc., the remainder of the judgment having been satisfied and complied with, by the defendant voluntarily surrendering possession of the premises to the plaintiff. At all events, the stay of execution was not designed to last longer than the October term, even if the order granting the stay was valid and binding, and that time had expired prior to the order for the issuance of execution.

And the execution " concerning the personalty " was properly ordered to issue in the name of the plaintiff as administrator. 1 R. S. 1879, § 2742; *Gaston v. White*, 46 Mo. 486.

### III.

A good deal has been said about the equities of the defendant. We have no evidence of the truth of the allegations of the defendant's petition. Nor can the statements made in the motion the defendant offered to file to set aside the order that execution issue, be received as any evidence of the truth of the matter therein set forth. This is well settled. We make no ruling, however, on any equitable rights defendant may have, as this, in the state of this record, would be improper for us to do. Judgment affirmed. All concur.