HENRY KROEGER, Plaintiff in Error, v. TOM DASH, Defendant in Error.

**Kansas City Court of Appeals, January 8, 1900.**

Appellate Practice: GRANTING NEW TRIAL: APPEAL V. WRIT OF ERROR.  A writ of error does not lie to review the action of the trial court in ganting a new trial though an appeal does.  Cases considered and distinguished.

Error to the Cole Circuit Court.—*Hon. D. W. Shackelford,* Judge.

WRIT DISMISSED.

*Edwards & Edwards* for plaintiff in error.

(1)   Does a writ of error lie from the order granting a new trial or must it be by appeal? If this court or the supreme court have passed upon this first question directly, we are not aware of it, but it has construed a similar statute, to wit, section 2253, of the Revised Statutes 1889, and the reason in

that case well applies here. Ring v. Railway, 112 Mo. 220.
(2) Having appeared to the merits it is now too late to object
to the manner of getting into court. Crosby v. Clary,
43 Mo. App. 222, and authorities cited.

*Pope & Belch* for defendant in error.

Prior to the amendment to section 2246, Revised Stat-
utes 1889, approved April 18, 1891, p. 70, neither appeal nor
writ of error would lie from an order granting a new trial.
Since then an appeal only will lie, because authority for such
was granted by that act. Our position is that the writ of error
sued out in this case should be dismissed. Writs of errors
should issue upon final judgment only. Revised Statutes
1889, section 2273; Martin v. Hays, 5 Mo. 62; Horr v.
Knighton, 9 Mo. 180; Young v. Hudson, 99 Mo. 102; Duncan
v. Forgey, 25 Mo. App. 310; Wirt v. Dinan, 41 Mo. App.
236; Ready v. Smith, 141 Mo. 305.

ELLISON, J.—This is an action of replevin. On a trial
in the circuit court there was a verdict for the plaintiff. After-
wards defendant filed a motion for new trial which being sus-
tained, the verdict was set aside and a new trial granted.
Plaintiff did not appeal, but afterwards sued out a writ of
error in this court and brought the case here by such writ of
error. The question is presented, whether a writ of error can
be had on a judgment granting a new trial.

By the terms of section 2246, Revised Statutes 1889,
an appeal could only be taken from the final judgment in a
case. And by the terms of section 2273, writs of error could
only be issued to review a final judgment. By the laws of
1891, amended by the laws of 1895, section 2246 was
amended so as to allow an appeal from an order granting a
new trial. But section 2273 stands unamended, and writs of
error can still only issue in cases of final judgment. It has all

along been held that an order granting a new trial was not a final judgment. So therefore, on the face of the statute plaintiff is not entitled to a writ of error to review the action of the trial court in granting a new trial.

But plaintiff argues that the lawmaking power evidently intended to grant the right by writ of error along with the right of appeal. There is no evidence of such intention. The intention appears to be to restrict the right to an appeal; for the appeal section is amended by name and the writ of error section is left as it was. There may be many reasons suggested why an appeal may be, and a writ of error may not be had: A writ of error is a new and independent action (Macklin v. Allenberg, 100 Mo. 337) and it may be issued at any time within three years, and might thus evidently embarrass the procedure in cases which had been arrested by the granting of a new trial. The cases of Young v. Hudson, 99 Mo. 102, and Duncan v. Forgey, 25 Mo. App. 310, bear resemblance to this and we consider them authority for our position.

The supreme court has decided that writs of error may be taken and heard on what is known as the short form— a certificate of judgment and date of entry, etc., under section 2253, Revised Statutes 1889; Ring v. Railway, 112 Mo. 220. But that case does not justify the conclusion plaintiff draws from it. That case is based on the terms of the statute itself which plainly show that a writ of error was intended to be included with the right of appeal. And so the same may be said of State ex rel. v. Railway, 149 Mo. 104.

It follows that plaintiff had no right to a writ of error for review of the action of the trial court in granting a new trial and the writ will be dismissed. All concur.