PADGETT, by Guardian, v. SMITH, Plaintiff in Error.

Division One, June 29, 1907.

1. MOTION: No Notice. A motion to set aside a submission of a cause on brief and argument, and to set down the case for further argument, will be stricken from the files, where no copy of the motion and of the brief in support thereof and no notice thereof have been served on the opposite party or his counsel.

2. Writ of Error: Interlocutory Judgment. Error may be brought only on final judgment, and a writ of error sued out before final judgment is improvident. Interlocutory judgments in partition may be reviewed in appellate courts, but the proceeding, under the statute, is by appeal, not error.

3. ———: Affirmed on Appeal. Where a judgment has been affirmed on appeal, for failure to comply with the statute (sec. 812, R. S.

Padgett v. Smith.

1899) and the rules of the court, a review by writ of error is precluded. If a judgment is affirmed it so remains, unless disaffirmance be allowed on timely application at the same term, or unless overturned on a new appeal.

4. **Motions.** There must be an end of motions in a case. Where a judgment has been affirmed and disaffirmance disallowed, subsequent motions to set aside the judgment of affirmance will be stricken from the files. Both the doctrine of *stare decisis* and of *res adjudicata* so require.

Error to Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

WRIT QUASHED.

*E. R. Bartlett* and *O. D. Jones* for plaintiff in error.

*Higbee & Mills* and *Smoot, Boyd & Smoot* for dedendant in error.

LAMM, J.—Ervine F. Padgett, by guardian, brought a suit to establish a resulting trust in his favor in certain lands in Scotland county, Missouri, and for partition of said lands between him and Smith. An interlocutory judgment in partition, settling the interests of all parties, was rendered on the 10th day of November, 1903, in the Schuyler Circuit Court, on change of venue.

From that judgment Smith appealed. Thereafter, for failure to comply with the statute (R. S. 1899, sec. 812) and the rules of this court, the judgment was affirmed here on June 2nd, 1904.

On June 9th, 1904, a motion to set aside the judgment of affirmance was filed. On June 22nd, 1904, that motion was overruled.

On October 31st, 1904, Smith sued out of this court a writ of error on the same judgment, and the pending proceeding is on that writ.

Later, plaintiff in error lodged here another motion to set aside the judgment of affirmance and submitted a brief in support of it.

Later, on April 11th, 1907, yet another motion to set aside the judgment of affirmance was filed, supported by a brief.

Presently, after the cause had been submitted on briefs and argument, plaintiff in error filed a motion to set aside the submission and reset the case for further argument, which motion was accompanied by a brief.

I. The motion to set aside the submission and set down the case for further argument is stricken from the files, no copy of the motion and brief and no notice having been served upon defendant in error or his counsel.

II. The writ was improvidently sued out. Because:

(a). Error may be brought only on a *final* judgment. [R. S. 1899, sec. 835.] A final judgment was not rendered until the 15th day of November, 1904, as shown by this record. Interlocutory judgments in partition may be reviewed in appellate courts. [R. S. 1899, sec. 806.] But the remedy is appeal, not *error,* in the special cases enumerated in that section. [Kroeger v. Dash, 82 Mo. App. 332; Pittsburg Plate Glass Co. v. Peper, 96 Mo. App. 595.]

(b). Moreover, the judgment having been affirmed on appeal, the remedy by error is precluded. [Schnaider Brewing Co. v. Levvie, 41 Mo. App. 584; Brummel v. Phillips, 79 Mo. App. 116; Harburg v. Arnold, 87 Mo. App. 326; Schnabel v. Thomas (Mo. App.), 73 S. W. 917; Cowan v. Shepley, 9 Mo. App. 594.]

Affirmance is affirmance — once affirmed, always affirmed, unless disaffirmance be allowed on timely application at the same term. Here such application was

made and overruled. We must not be understood as holding that the abstract power of this court to overturn its own decision (the natural human right to change one's mind) on a new appeal in the same case does not exist. Such ultimate power exists and has been used and must be preserved unimpaired. But the rare circumstances under which it is used involve the exercise of a high and discriminating power and such circumstances do not exist in this case. Thus saith the wise one:

"It is excellent

To have a giant's strength; but it is tyrannous
To use it like a giant."

III. There must be an end to motions or there can be no end to commotions, *i. e.,* litigation. Due bounds must be set to the versatility of counsel in iteration and reiteration — agitation and reagitation. We may not with propriety at one term solemnly affirm a judgment and then palter and toy with the situation by turning about at a later term and reversing the same judgment, thus doing and undoing, binding and unbinding—knitting and raveling out. The doctrine of *stare decisis* is in point here.

The undisposed-of motions to set aside the judgment of affirmance are stricken from the files. They were out of time, and are without precedent. The matter was *res judicata.* One may not make so many bites of one cherry.

The writ is quashed and the proceedings thereon dismissed.

All concur.