ERVINE F. PADGETT, a Minor, by Guardian, v. SMITH, Appellant.

Division One, July 13, 1907.*

1. **PARTITION: Interlocutory Judgment: Appeal: Subsequent Review.** Defendant is not compelled to appeal from an interlocutory judgment in partition; and if he does not appeal until after final judgment the matters leading up to the interlocutory appeal, if properly preserved, remain interlocutory and will be reviewed on the one appeal. But if he does appeal from the interlocutory judgment and that is affirmed, that judgment becomes fixed and final, and cannot be further reviewed, either by the trial court or by the appellate court on a subsequent appeal from the final judgment.

*Note.—Decided June 29, 1907. Motion for rehearing filed. Motion overruled, July 13, 1907.

2. ——: ——: ——: ——: Jurisdiction. But the rule does not apply to questions of jurisdiction, either of the parties or of the subject-matter, which may be considered at any stage of the proceedings.

3. ——: ——: Questions Settled. All questions relating to duplicity in pleading, multifariousness in the bill, non-joinder of parties defendant and misjoinder of causes of action, were settled by the interlocutory decree in partition and its subsequent affirmance on appeal.

4. JURISDICTION: Of Defendant. Where defendant was duly served, appeared, answered and went to trial, the court had jurisdiction of his person.

5. ——: Of Plaintiff: Minor in Partition. The jurisdiction of the court over the infant plaintiff in partition did not depend on whether his grandfather was his guardian at the inception of the suit, or whether the court subsequently appointed some one else to act as his guardian for the purposes of the case. The Statute of Jeofails (sec. 672, R. S. 1899) settles the question of jurisdiction, after judgment in favor of the minor, in such case.

6. ——: Of Subject-Matter: Trust: Partition. The circuit court has jurisdiction to try a case having a resulting trust as one branch and a partition as another.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*E. R. Bartlett* and *O. D. Jones* for appellant.

(1) It is apparent on the record, and undisputed, that Geo. W. Davis, who assumed to bring this action for the infant respondent, was not the curator of his estate, had never qualified or given bond as such or in any other capacity, and the court by its order of record so finds. Hence, Davis had no right to represent the infant or bring suit for him or to in any way meddle with the infant's property rights. Neither his position as grandfather nor as "guardian of the person" (for which he had not qualified) gave him any such right, and the infant was not therefore in court and

any later proceedings were hence null and void. Clark
v. Crosswhite, 28 Mo. App. 34; Duncan v. Cook, 49
Mo. 116; Judson v. Walker, 155 Mo. 179; Robinson v.
Hood, 67 Mo. 660; Spence v. Railroad, 111 Mo. 561;
State ex rel. v. Stead, 143 Mo. 252; Ormiston v. Trude,
77 Mo. App. 310. If the infant respondent was not
properly brought into court, then all proceedings are
void, no power existed in the court to appoint a guard-
ian, or guardian *ad litem,* and his acts, if so appointed,
would be void; the court would have no jurisdiction of
either the parties or the subject-matter, and the action
should be dismissed at any stage. Higgins v. Railroad,
36 Mo. 418; Spence v. Railroad, 111 Mo. 555; Hutson
v. Sickman, 125 Mo. 165; secs. 3480, 3487, 3495, R. S.
1899; Garrison v. Lyle, 38 Mo. App. 558; Repenstran
v. Ins. Co., 51 Mo. 481. (2) Only the probate court
of the county where the minor resides has jurisdiction
to appoint a legal guardian of the person, or curator
of the estate. Const., art. 6, sec. 34; sec. 3480, R. S.
1899; Lacy v. Williams, 27 Mo. 280; Marnhute v. Golth-
iens, 70 Mo. 280; Johnson v. Beasley, 65 Mo. 255; Cox
v. Boyle, 152 Mo. 583; sec. 3496, R. S. 1899; Duncan
v. Crook, 49 Mo. 116. (3) A minor having a legally
appointed, qualified and acting curator of his estate
cannot sue by next friend or guardian *ad litem.* Robin-
son v. Hood, 67 Mo. 661; Colvin v. Hauenstein, 110
Mo. 575; Larned v. Renshaw, 37 Mo. 458; Clark v.
Crosswhite, 28 Mo. App. 38. It is the duty of the cu-
rator to represent his ward in all legal proceedings,
to prosecute and defend for him without being espec-
ially appointed guardian *ad litem,* unless in a peculiar
statutory proceeding a different requirement is made.
Johnson v. Walker, 155 Mo. 179; Brandon v. Carter,
119 Mo. 572; Railroad v. Carter, 85 Mo. 448. It is
claimed this is an action in partition. The curators of
the estate of minors or persons of unsound mind are

authorized, on behalf of their respective wards, to do and perform any matters and things respecting the division of any lands. Sec. 4380, R. S. 1899; Colvin v. Hauenstein, 110 Mo. 575; Larned v. Renshaw, 37 Mo. 458; Railroad v. Carter, 85 Mo. 448; Duncan v. Crook, 49 Mo. 116. Under the practice act, secs. 3467 and 3480, guardians or next friends may be appointed for infants, but these sections do not apply when there is an existing guardian already appointed. Clark v. Crosswhite, 28 Mo. App. 34; Garrison v. Lyle, 38 Mo. App. 558; DeJarnet v. Harper, 45 Mo. App. 415. But a next friend or guardian *ad litem* could not prosecute a partition suit; only a regular curator, duly appointed and qualified, could bring such an action for the minor. Colvin v. Hauenstein, 110 Mo. 575; Thornton v. Thornton, 27 Mo. 302; Payne v. Maser, 114 Mo. 630; Shaw v. Gregorie, 41 Mo. 407; Hise v. Thompson, 18 Mo. 461; Campbell v. Cass Co., 84 Mo. 866; Railroad v. Carter, 85 Mo. 448; Mitchel v. Jones, 50 Mo. 438; Chrisman v. Divinia, 141 Mo. 122; Higgins v. Railroad, 36 Mo. 418; Spillane v. Railroad, 111 Mo. 555; Rhodes v. McNully, 52 Mo. App. 303. Sections 4381 and 4382 of partition as to appointing guardians only apply when there is no regular acting guardian or curator. Mitchel v. Jones, 50 Mo. 438; Chrisman v. Divinia, 141 Mo. 132; State ex rel. v. Stead, 143 Mo. 248. A minor cannot appear by attorney, but must appear by guardian. Brandon v. Carter, 119 Mo. 572; Robinson v. Hood, 67 Mo. 660; Thornton v. Thornton, 27 Mo. 302; sec. 3498, R. S. 1899; Sherwood v. Neal, 41 Mo. App. 416; Ormison v. Trumbo, 77 Mo. 310. (4) The petition avers that Mills is appointed under authority of section 4382, Revised Statutes 1899. This assumes that the action was one of partition when filed in Scotland county; and has been properly removed to Schuyler county. That the lands were on September 1, 1902, as between the minor and appellant, as his cu-

rator, an estate of which partition could be had between them in this action. 1. It is an action of a minor by an assumed guardian of his person, suing a legally appointed, qualified and acting curator of his estate, over property interest of the ward. 2. A guardian appointed by the circuit court of a county in which the minor did not reside (and in which his property is not located). 3. It is an action in the first instance for money, a debt, to have the $1000 and the $400 and the $1275 to be adjudged a debt of appellant to the respondent; and in the second place to have that debt made a charge, or lien, upon land, the title to which is in the appellant; and in the third place to have that land partitioned between appellant and respondent. It is averred that appellant "wrongfully, and without the knowledge or assent of his wife, took her said separate money and invested same in said real estate. That defendant also took $1400 of plaintiff's money, so then in defendant's hands, and invested same in said lands." Then in fact, and in law, if these allegations are true, which respondent cannot deny, neither the minor nor his mother bought any land, but appellant incurred a debt, as implied by law, to them, for the money. 4. Respondent as plaintiff and as heir of his mother must do one or the other of two things, viz: Accept the purchase of the land, as consummated by the joint deed, or else repudiate it, *in toto,* and proceed for the money. State ex rel. v. Titman, 134 Mo. 163; Green v. Tilman, 124 Mo. 372; State ex rel. v. Stead, 143 Mo. 248.

*Higbee & Mills* and *Smoot, Boyd & Smoot* for respondent.

The judgment having been affirmed on appeal, no writ of error can be sued out, and the writ of error so issued should be quashed. Harbridge v. Clay, 87 Mo. App. 326; Brownnell v. Phillips, 79 Mo. App. 116;

Schnaider v. Levvie, 41 Mo. App. 584. If a party could both have an appeal and writ of error, it might put the court in an inconsistent position. There could be a judgment of affirmance, as in this cause, on appeal, and a judgment of reversal on the writ of error sued out. Hence, defendant in error contends that the judgment having been affirmed on appeal as to the matters involved in said appeal is *res adjudicata* and cannot be again reviewed. Plaintiff in error having the right to appeal from the interlocutory judgment as provided by section 808, Revised Statutes 1899, the judgment of affirmance bars second appeal or writ of error. Haven v. Railroad, 155 Mo. 228; Graney v. Railroad, 157 Mo. 678; Richardson v. Agr. & Mec. Assn., 156 Mo. 413.

LAMM, J.—This case is twin to that between the same parties, just disposed of. [Padgett v. Smith, 205 Mo. 122.]

On March 24, 1905, there was lodged here the final judgment in the above-entitled cause, with an order granting an appeal. As said in the former case, the final judgment was rendered on the fifteenth day of November, 1904; while the interlocutory judgment in partition, the basis of the former appeal as well as writ of error, was rendered on the tenth day of November, 1903. After our mandate affirming that judgment went down, the commissioners appointed to make partition duly qualified and performed their duties, making partition in kind between the minor plaintiff, Padgett, and the defendant Smith. Their report, duly acknowledged, was filed and approved. Thereupon plaintiff's attorneys were allowed a fee to be taxed as costs, and the partition was made absolute.

Prior to the final judgment, to-wit, on the 14th day of November, 1905, defendant Smith filed a motion called a "motion to set aside the commissioners' re-

port and for review.'' In this motion, under eighteen sub-heads, he asked the chancellor to review the whole previous record of the case and to set aside the judgment in partition and the equitable relief awarded plaintiff and moved the court to dismiss the cause of action, because the court had no jurisdiction of the parties or of the subject-matter, because the court erred pending the proceedings in appointing John C. Mills guardian of the infant plaintiff, because the infant had no right to institute his suit by one Davis, his grandfather, as guardian, because the petition does not state facts sufficient to constitute a cause of action, because of a non-joinder of the administrator of the estate of plaintiff's deceased mother (whose second husband was defendant), because defendant was the acting and qualified curator of the infant plaintiff (his stepson) and hence could not be sued by the infant on matters pertaining to said curatorship, and because there was a misjoinder of causes of action. An array of other alleged errors was set down, not material here, each and all of which were alleged to be sufficient grounds for setting aside the report.

On hearing of the motion, the defendant ''in support of said motion called attention to the entire record as embodied in the first bill of exceptions'' (this bill of exceptions was before us in the proceedings on the writ of error), and rested. The plaintiff, in opposition to the motion, offered in evidence the former motion for a new trial, having for its object the setting aside of the interlocutory judgment; also the motion in arrest of that judgment, the affidavit and bond for appeal therefrom, and the mandate of this court affirming that judgment.

It will not be necessary to reproduce copies of said motions for a new trial and arrest. They, in legal intendment and effect, from corner to corner, covered the same grounds and pointed out the same alleged

errors inventoried in the motion for a review and to set aside the commissioners' report. The court overruled the motion to set aside the commissioners' report and defendant excepted. Thereupon final judgment was entered, as said, and defendant in due time filed a motion for a new trial under twenty-three subheads and covering seven pages of print, the substance of which (barring, possibly, alleged error in the admission of testimony at the first trial), is the same as that of the motion to set aside the commissioners' report. This motion was overruled and defendant excepted. Thereupon defendant filed a motion in arrest going to some of the same matter, which was overruled and defendant excepted, had his exceptions allowed by a final bill of exceptions, and appealed.

Appellant assigns seventeen specific errors as grounds for reversing the final judgment — more than one court would likely commit in any one case. His first assignment is that the court had no jurisdiction, either of the parties or the subject-matter. Other assignments strike at errors committed by the trial court in the proceedings leading up to and including the interlocutory judgment and run through a gamut comprising the admission and exclusion of evidence, the refusal of instructions, the overruling of demurrers, the appointment of Mills as guardian, the declaration of a trust in favor of the infant, decreeing partition, the appointment of commissioners, the non-joinder of parties, *etc.* The only errors assigned, arising subsequent to our affirmance of the interlocutory judgment, are in overruling appellant's motions to set aside the report of the commissioners, for a new trial and in arrest of judgment, and in taxing an attorney's fee for respondent's attorneys.

On this record, should the judgment be affirmed? We think so, because:

I.  There is a well-marked line of cleavage running through the body of the assignment of errors here, splitting it in twain, separating errors alleged to have been made after our mandate of affirmance went down from those alleged to have been made prior to that affirmance.

Attending to the last class of errors it is obvious that in so far as they strike at mere irregularities of procedure, if any, and the rulings of the trial court on instructions, demurrers, non-joinder of parties, misjoinder of causes of action, *etc.*, they ought not to be reviewed in the condition of this record. A group of them was waived by answering over. The consideration of other groups was foreclosed by the affirmance of the interlocutory judgment. Appellant was not compelled to appeal from the interlocutory judgment. Section 806, Revised Statutes 1899, provides that: " . . . but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." He had the option to sit tight, save his exceptions by a term bill, await the final judgment, and bring the whole case here for review. [Richardson v. Schuyler County Agricultural & Mechanical Association, 156 Mo. 407.] But this appellant did not avail himself of that option. To the contrary, he exercised his right of appeal from the interlocutory judgment. The statute says "a *failure* to appeal" shall not prejudice his right to have the action of the trial court reviewed on an appeal taken from the final judgment. But what if there is no failure to appeal? It does not say that if he does appeal from the interlocutory judgment he has two strings to his bow, *viz.*, the right to have the action of the trial court reviewed on that appeal and the further right to have it again reviewed on a second appeal. The maxim,

*expressio unius est exclusio alterius,* applies to such
condition of things—that is, if he does not appeal he
shall not be prejudiced in an after review; but if he does
appeal he is prejudiced on the second appeal. No good
reason can be given why an appellant in the special
instances mentioned in section 806, *supra,* should have
two appeals covering the same identical grounds of re-
view. The statute never was intended to give one class
of appellants so singular and unnecessary an advan-
tage over appellants in other cases. One appeal on the
same matter is enough, and to hold otherwise would
be out of harmony with the common sense of the thing.
It matters not that on the first appeal, appellant by
his own fault closed the door of review and allowed an
affirmance to go for failure. That was an incident
born of his own laches. The affirmance is the substan-
tive thing, and the ground of affirmance is mere pre-
cedent matter merged (drowned) in the affirmance
itself.

It has been held that an interlocutory judgment
in partition, unappealed from, remains interlocutory
in character and within the supervision of the court
until final judgment at a subsequent term. [Aull v.
Day, 133 Mo. 337; Ess v. Griffith, 128 Mo. 50.] It was
argued in the Aull case and the Ess case that the mere
statutory right to an appeal from an interlocutory
judgment, though unused, changed the interlocutory
character of such judgment into a final one; but that
argument was disallowed and it was held that the un-
exercised, naked right to appeal from such judgment
left the judgment interlocutory in character. But the
situation changes when an appeal from such order is
taken and the judgment is affirmed here. The judg-
ment then, in effect, becomes the judgment of this
court; and may a court, *nisi,* set aside our judgment,
or be held to commit error because it does not? To so
hold reverses the logical order of things and opens

the door to confusion.  No more ought we, at a subsequent term, review the judgment we have once affirmed.  [See Padgett v. Smith, 205 Mo. 122.]  Error in this record, if any, antedating the first appeal became *functus officio* by affirmance.  Besides that, the record itself is a sealed book.

II.  The question of jurisdiction of the parties and of the subject-matter does not stand on the same footing as the matters we have been considering.  Questions of jurisdiction assert themselves at any stage of a proceeding and in any court and are considered *sua sponte.* [City of Tarkio v. Clark, 186 Mo. l. c. 294.]

There is no merit in the contention of want of jurisdiction.  The defendant Smith was duly served, appeared, answered and went to trial.  Those steps closed the question of jurisdiction as to his person.  The jurisdiction of the infant plaintiff is also undoubted.  That jurisdiction did not depend on whether his grandfather was his guardian at the inception of the suit, or whether the court subsequently appointed Mills to act as his guardian for the purposes of the case.  The court would have had jurisdiction of the infant if he had appeared by an attorney alone.  [Cochran v. Thomas, 131 Mo. l. c. 275; Chrisman v. Divinia, 141 Mo. 122; Jones v. Steele, 36 Mo. 324; Holton v. Towner, 81 Mo. 360.]

The saving grace of the Statute of Jeofails settles the question and settles it against appellant.  By section 672, Revised Statutes 1899, it is provided that: "When a verdict shall be rendered in any cause, the judgment thereon shall not be stayed, nor shall such judgment, nor any judgment after trial or submission . . . be reversed, impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, namely: . . . seventh, for any party under twenty-one years of

age having appeared by attorney, if the verdict or judgment be for him; . . ."

Nor is jurisdiction of the subject-matter debatable. The cause was instituted in the circuit court of Scotland county — a court of general common law and equity jurisdiction. The subject-matter was an equitable partition. If that court had no original jurisdiction to try a case having a resulting trust as one branch and a partition as another, then no court has such jurisdiction in Missouri. It would breed doubt to even discuss matters that are axiomatic or cite authority for a self-evident proposition.

All assignments of error discussed by counsel relating to questions of duplicity in pleading, multifariousness in the bill, non-joinder of parties defendant and misjoinder of causes of action, etc., do not rise to the dignity of a challenge of jurisdiction of subject-matter. They relate at best to mere errors incident to the exercise of a rightful jurisdiction and come within the purview of the first paragraph of this opinion.

III. There is no reversible error in the proceedings of the court subsequent to our mandate. An attorney's fee was allowed, and (as partition was decreed) the statute permits a reasonable fee to be taxed as costs for the attorneys bringing the suit. [R. S. 1899, sec. 4422.] The final judgment in partition and the report of the commissioners are in due form. No objection to the commissioners' report based on unfairness in the division or other good cause, was made; and we see no error in the approval of that report or in overruling the motions for a new trial and in arrest.

The judgment is, therefore, affirmed.

All concur.