JAMES H. F. SMITH, Appellant, v. J. F. MOUNT, Guardian of IRVIN F. PADGETT, Respondent.

St. Louis Court of Appeals, June 14, 1910.

1. TENANCY IN COMMON: Recovery for Improvements: Good Faith Essential: Improvements Held Not to Have Been Made in Good Faith. Plaintiff purchased a tract of land with the money of his wife and of his stepson, of whose estate he was curator, taking title in the name of himself and wife. After the death of his wife, he set up title to the entire tract, under a claim as tenant by the entirety. For his dereliction of duty in investing the money of his ward and taking title in his own name and thereafter setting up an adverse claim against his ward, he was removed as curator, and in an action by the ward the court decreed a trust in said land and ordered it partitioned between him and his former ward, the partition being made by setting off aliquot parts. Plaintiff retained possession of the land pending the litigation and made improvements on that part of it which was subsequently set off to the infant. In an action to recover for the value of such improvements, held they were not made in good faith and that plaintiff could not recover for them.

Smith v. Mount.

2. **REAL ESTATE: Permanent Improvement Placed on Land of Another: Recovery For: Common Law Rule.** At common law, originally, any permanent improvement placed upon the land of another, without the owner's consent, by one having no interest or title therein, prima facie became part of the realty and belonged to the owner of the fee; but this rule has become modified to the extent of permitting a recovery for permanent improvements made in such circumstances, if made in good faith and under a belief by the party making them that he had a valid claim or title.

3. **TENANCY IN COMMON: Recovery for Improvements: Good Faith Essential.** In an action by a tenant in common against a co-tenant for improvement placed upon that part of the estate which was subsequently set off to the latter in partition proceedings, plaintiff is not entitled to recover, unless he acted bona fide and in good faith in making the improvements, and where at the time they were made he claimed to own the entire estate and was contesting the right of his co-tenant in the courts, knowing that part of the purchase price of the land was obtained from funds he had wrongfully diverted from his co-tenant's estate, of which he was curator, he could not have acted in good faith and is not entitled to recover for such improvements.

4. **NOTICE: Constructive Notice: Good Faith.** One cannot have acted in good faith with reference to a matter, when he has such notice thereof as would put one of ordinary prudence on inquiry.

5. **TAXATION: Lien of State.** The state has a lien for taxes assessed against realty, which may be enforced by an action at law, and the property may be sold on execution after judgment, so as to divest the owner 'of his entire estate.

6. **TENANCY IN COMMON: Recovery for Taxes Paid: Contribution of Co-Tenant: Good Faith Not Essential.** A tenant in common is entitled to contribution from his co-tenant for taxes paid on the common estate, though he was at the time wrongfully claiming title to the whole estate, since by paying taxes he protected his co-tenant's interest as well as his own.

7. ———: ———: ———: ———: **Facts Stated.** Where plaintiff, who was removed as defendant's curator for wasting the estate and claiming all of it, when he had only a joint interest therein as co-tenant, was charged with rents while in· possession, for defendant's interest, in a suit by defendant to establish a resulting trust in his favor and for partition, justice requires that plaintiff be compensated to the extent of a proportionate part of the taxes paid by him on the joint estate while in possession.

Appeal from Scotland Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED (*with directions*).

*O. D. Jones* and *E. R. Bartlett* for appellant.

*Smoot & Smoot* for respondent.

NORTONI, J.—This is a suit for the amount of taxes paid and the value of improvements placed on plaintiff's land by defendant. The court found the issue and gave judgment for defendant. Plaintiff prosecutes the appeal.

The suit proceeds against Mount, who is curator of Irvin F. Padgett, a minor, the defendant in interest. Plaintiff was formerly curator of the minor Padgett but was removed from the office by the probate court of Scotland county for the reason he had abused the trust. The judgment of removal was finally approved by this court, as will appear by reference to In re Estate of Padgett, 114 Mo. App. 307, 89 S. W. 886. It appears plaintiff Smith intermarried with Mrs. Padgett, a widow, who was the mother of the infant defendant. After having married Mrs. Padgett, Smith was appointed curator of the estate of her son, the defendant, Irvin F. Padgett, and given charge of his property. The minor inherited about fourteen hundred dollars in cash from his father's estate. Plaintiff Smith, the then curator, invested this fourteen hundred dollars of the ward, without any authority from the probate court to do so, together with about twelve hundred dollars of his wife's money and a few hundred dollars of his own in one hundred and sixty-five acres of land in Scotland county, the title to which was taken in the name of plaintiff Smith and his wife. Shortly thereafter, Mrs. Smith, the mother of the infant defendant, departed this life, and thereupon plaintiff Smith, notwithstanding his curatorship, set up

a claim to the entire tract of land as survivor in joint tenancy with his deceased wife. Mrs. Smith left no heir other than her son by her first husband, the present defendant, and Smith claimed the entire estate on the theory that though his wife left an heir by her former husband, the law of joint tenancy invested him with the title to the land as survivor. It was for his dereliction in duty in investing money of the infant defendant and taking title in his own name and the adverse claim thereafter set up that he was removed as curator by the probate court. After Smith's removal, another was appointed to represent the interests of the infant and suit was instituted in the circuit court to declare a resulting trust in the lands mentioned in favor of the infant, Irvin F. Padgett, who is defendant here. A partition of the lands was also prayed in that action. Upon a trial being had, the court declared the trust and decreed a partition of the lands between the infant Irvin F. Padgett, and Smith, the former curator, who is plaintiff in this action, according to their respective rights. The case was appealed to the Supreme Court and further proceedings therein are reported in Padgett v. Smith, 205 Mo. 122, 103 S. W. 942; Padgett v. Smith, 206 Mo. 303, 103 S. W. 943. The present defendant, Smith, retained possession of the lands during the pendency of that litigation under his claim adverse to the rights of the present defendant of whose estate he was formerly curator. While thus in possession of the lands mentioned, Smith erected a small addition to the dwelling house thereon also a small corn crib and some wire fences, together with a few other slight permanent improvements, all of which he claims to be of the value of about two hundred dollars. He also paid the taxes on the lands for the several years referred to. The taxes paid by him, it is said, amounted to $83.51. It seems that in the final judgment given in partition by which the rights of the parties to the present action are established, Smith was required to recompense the infant's

estate for rents as to his interest in the land, but it is conceded that no account whatever was taken as to the taxes paid thereon. The land was partitioned in kind by commissioners who set off aliquot parts to the present infant defendant and the plaintiff, his former curator. The result of the judgment in that proceeding is such as to declare the rights of the parties to this record as though they were, at the time the improvements were made and taxes paid, tenants in common of the tract of land therein involved. In this suit, Smith, the former curator, seeks to recover from the infant defendant whose estate he appears to have formerly devastated, for such permanent improvements above mentioned as were erected by him on that portion of the lands allotted in the partition to the infant and seeks as well a contribution for such portion of the taxes paid on the lands as is equivalent pro rata to defendant's interest therein established by the judgment. It may be the matter of improvements should be regarded as conclusively settled by the judgment and division of the lands in partition, but we will not consider this feature of the case for the reason the parties have not suggested it. It may be properly disposed of on the arguments presented. Our statute, section 3072, Revised Statutes 1899, section 3072, An. St., 1906, to be found in the article on Ejectment, it seems relates more particularly to awarding a recovery for improvements made on lands when the controversy thereabout has been determined in an action of ejectment. Indeed, the Supreme Court so said in Sims, Admr., v. Kelsay, 75 Mo. 68, but it is unnecessary to say on this appeal that the statute is without influence here and no opinion is expressed on that question. It is certain that the prior litigation between these parties in which the title was determined was not an action of ejectment but instead was a suit in equity to establish a trust and partition the land accordingly. Even if the suit referred to were one in ejectment, the statutes cited would not enable plaintiff to recover for improvements made

by him on the land unless he acted in good faith, for it so says, and it is entirely clear that the essential element of good faith does not obtain in his favor with respect to such interests in the land as were established by the judgment to reside in the infant defendant. At common law, originally, any permanent improvements placed upon the land of another by one having no interest or title therein without the owner's consent prima facie became a part of the realty and belonged to the owner of the fee. [22 Cyc., p. 7; Stump v. Hornback, 109 Mo. 272, 278, 18 S. W. 37.] But the harsh rule thus expressed has become considerably modified in time through the commingling of just principles of equity. However, the modification referred to goes only to the extent of permitting recoveries for permanent improvements made in such circumstances in good faith, the party believing that he had a valid claim or title. Whether this action be one falling within the influence of our statute or proceeding in accordance with the modified view of the common law, plaintiff is not entitled to recover for the permanent improvements erected on the infant defendant's lands if he is to be regarded as having no interest therein at the time they were made, unless he acted bona fide and in good faith in placing them there. [Dothage v. Stuart, 35 Mo. 251, 254, 255; Stump v. Hornback, 109 Mo. 272, 279, 18 S. W. 37; Sedgewick & Wait on Trial of Titles (2 Ed.), secs. 708, 698.] Though the judgment in partition established the rights as tenants in common, plaintiff should be regarded as having no interest in defendant's lands at the time the improvements were made, for he then claimed to own the entire estate and was contesting the right in protracted litigation.

It is entirely clear that plaintiff could not have acted in good faith believing he owned the entire estate at the time the improvements were erected upon the land, for after putting aside the question as to whether he

himself or the infant defendant would inherit the interests of Mrs. Smith, the mother of Padgett, plaintiff at all times knew that fourteen hundred dollars of the purchase money invested was the means of defendant. This amount he had wrongfully diverted from the infant's estate and invested in the land to his own use. It is unnecessary to further comment upon the question of good faith with respect to this matter in so far as the permanent improvements are concerned. For these items plaintiff is not entitled to recover and should not be; for, having so flagrantly abused the trust reposed in him, he must suffer the consequences thus self-imposed. The argument that he believed in his title is unsound, for no one can be said to act in good faith with respect to a matter when he has such notice as is sufficient to put a man of ordinary prudence on inquiry. No ordinarily prudent man could reasonably hope the courts would sustain the right he asserted. (Lee v. Bowman, 55 Mo. 400.)

But as to the taxes which the plaintiff paid, a different principle obtains for the reason such payment essentially inured to the benefit of defendant by preserving the very integrity of his interests or title. Under our law the state has a lien for such taxes as are assessed against real property which may be enforced by suit at law. Indeed, if the taxes are not paid, the property is to be sold on execution after judgment and one may be divested of his entire estate. Therefore, if one tenant in common pays the taxes on the common estate, he is entitled to contribution from his co-tenant for an aliquot part. This is true, too, notwithstanding the fact that the tenant who pays the tax is a wrongdoer or is asserting a title adverse; for, though otherwise a wrongdoer, by paying the taxes, he removes the lien and protects the interests of the co-tenant as well as his own. We have fully reviewed the law on this question heretofore, as may be seen by reference to Starks v. Kirchgraber, 134 Mo. App. 211, 113 S. W. 1149. The proof is un-

contradicted to the effect that plaintiff paid taxes on the land for several years, which inured to the benefit of defendant, thereby preventing the foreclosure of the lien of the state, and for this he is entitled to contribution. Besides, as plaintiff was charged with rents for defendant's interests, it is just that he should be recompensed an aliquot part of the taxes paid. The judgment should be reversed and the cause remanded with directions to enter judgment for plaintiff for the proportion of the tax shown to be due from defendant, to-wit, $83.51, with interest. It is so ordered. All concur.