JOHN C. BOMER, Respondent, v. ST. LOUIS SOUTHWESTERN RAILROAD COMPANY et al., Appellants.

Springfield Court of Appeals, January 3, 1911.

1. RAILROADS: Killing Stock: Duty to Fence: Switch Limits: Question for Jury. In an action against a railroad company for double damages for killing stock at a place where it was claimed the company was required to fence, it appeared that the stock was killed near a small station, at which there was no depot, but passengers and freight were received and discharged. The evidence is examined and *held* sufficient to justify the finding of the jury that the killing occurred at a point where it was the company's duty to fence.

COURT OF COMMON PLEAS: Jurisdiction: Waiver: Statutory Action for Killing Stock: Railroads. An action against a railroad company for killing stock in Scott county, was brought in the court of common pleas in Cape Girardeau county. The defendant contended that this court did not have jurisdiction of an action of this kind for stock killed in another county. *Held*, that as the court had jurisdiction of this class of actions and the defendant appeared, answered and went to trial without questioning the court's jurisdiction over this cause it was precluded from afterwards asserting that the court was without jurisdiction.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. Robert C. Ranney,* Judge.

AFFIRMED.

*R. A. Anthony, Wammack & Welborn* for appellant.

(1) The petition shows on its face, and the evidence so developed, that the steer was killed in Scott county, and that the cause of action arose there, therefore, the only circuit court having jurisdiction of this cause, is the Scott County Circuit Court, and neither the circuit court of Cape Girardeau county, nor the Cape Girardeau Court of Common Pleas has such jurisdiction. R. S. 1909, secs. 4233, 3956, 7395, 1754, 7427, 7399. The evidence shows that at the point where plaintiff's steer was killed the defendants were not required under the law to maintain a cattle-guard and fence. It was necessary to leave the space open between the public road and station so that patrons of the road might reach the station. (2) The common pleas court of Cape Girardeau has no legal existence and had no jurisdiction to hear and determine the matter in controversy in this case. Const. of Mo., art. 6. (3) The common pleas court of Cape Girardeau county has no concurrent jurisdiction with justices of the peace of Scott county, and therefore, never obtained jurisdiction of the subject-matter of this cause. Mason v. Hannah, 30 Mo. App. 190; Packett v. Vogler, 85 Mo. 480; Const. of Mo., sec. 22, art. 6; Land v. Calloway, 68 Mo. App. 393; State v. Sinnott, 89 Me. 41; Rogers v. Bonnett, 37 Pac. 1078; Hercules Iron Co. v. Elgin Co., 141 Ill. 491.

*Davis & Hardesty* for respondent.

(1) The legal existence of the Cape Girardeau Court of Common Pleas cannot be challenged by col-

lateral attack. State v. Brown, 71 Mo. 454; State v. Rich, 20 Mo. 393; State v. Wiley, 109 Mo. 439; State v. Watts, 111 Mo. 553; State v. Renfrow, 111 Mo. 589; Ex parte Renfrow, 112 Mo. 591; State ex rel. v. Aloe, 152 Mo. 456. (2) Its jurisdiction is that of a circuit court. R. S. 1899, sec. 2579; R. S. 1909, sec. 4233. (3) It had jurisdiction of this proceeding, with respect to the subject-matter. 11 Cyc. 661; R. S. 1909, secs. 3956, 1754, 7399; Mikel v. Railroad, 54 Mo. 145; 1 Wag. Stat. 294, 808; Missouri Session Acts, 1860, p. 23; R. S. 1855, p. 533; Tackett v. Vogler, 85 Mo. 480. (4) With respect to the parties. R. S. 1909, secs. 1754, 1766; Padgett v. Smith, 206 Mo. 313; Julian v. Star, 209 Mo. 95. (5) Its judgment will not be set aside for lack of evidence to support the verdict. Acord v. Railroad, 113 Mo. App. 102.

COX, J.—Action for double damages for killing a steer which had come upon the track at a place where the road was not fenced; verdict for plaintiff for sixty dollars, which was doubled by the court, and judgment entered for one hundred and twenty dollars, and defendants have appealed. The appeal, in the first instance, was granted to the Supreme Court by which it was remanded to the St. Louis Court of Appeals for want of jurisdiction in the Supreme Court to determine the questions involved. The case was afterward transferred to this court from the St. Louis Court of Appeals under the statute of 1909 authorizing such transfer. The parties appeared in this court and waived all questions as to the jurisdiction of this court and its right to determine this appeal and have submitted the case for our determination.

The questions involved in this appeal are, first: that the trial court erred in not sustaining a demurrer to plaintiff's testimony. In support of this contention it is urged that the evidence shows that at the point where the steer was killed the company was not re-

quired to fence its road. The place was near a small station at which the railroad had no depot, but it received and discharged passengers and freight. It was contended that it was necessary to leave the road unfenced at the point where the steer was killed in order that the railroads using the track might properly conduct their business at this station. We have examined the testimony carefully in this case and the instructions given, and find that the issue as to whether or not it was the duty of defendant to have the track fenced at the point where the steer was killed was submitted to the jury upon proper instructions and the evidence is ample to sustain the verdict, and that being true the verdict is binding upon us.

The other contention is that the court of common pleas at Cape Girardeau did not have jurisdiction to try this case. It appears that the place where the steer was killed was in Scott county, and the plaintiff lived in Scott county. It is contended by appellants that the court of common pleas of Cape Girardeau county had no jurisdiction of a case of this kind originating in Scott county, and it is contended that the statutes which give jurisdiction to justices of the peace in suits for damages for the killing of stock by railroads gives them *original* jurisdiction, and that the statute, giving the circuit courts jurisdiction, makes their jurisdiction in a similar class of cases concurrent with that of the justice of the peace, and while conceding that the jurisdiction of the Cape Girardeau Court of Common Pleas is, within its territory, the same as that of a circuit court, yet it is contended that a circuit court of one county cannot have concurrent jurisdiction with a justice of the peace in another county, and that, therefore, neither the circuit court nor the court of common pleas of Cape Girardeau county could have jurisdiction to try an action of this character which originated in Scott county.

It will be unnecessary for us to review and interpret the various provisions of the statutes of this state in relation to this matter for the reason that defendants appeared, filed answers in this cause and went to trial in the court of common pleas without raising any question as to the jurisdiction of that court, and it appearing by the statute that the court of common pleas had jurisdiction of this class of actions, the fact that defendants appeared, answered and went to trial without questioning the court's jurisdiction in the cause, precluded them from afterwards asserting that the court did not have jurisdiction. [Rodney v. Gibbs, 184 Mo. 1, 82 S. W. 187; Padgett v. Smith, 206 Mo. 303-313, 103 S. W. 943; Julian v. Kansas City Star, 209 Mo. 35, 107 S. W. 496.] The judgment will be affirmed. All concur.