SAM B. STROTHER, Administrator of Estate of HOMER MARTIN, Plaintiff in Error, v. MISSOURI, KANSAS & TEXAS RAILROAD COMPANY.

#### Division Two, July 5, 1916.

**WRIT OF ERROR:** From Order Sustaining New Trial. The propriety of the trial court's actioⁱ in sustaining a motion for a new trial cannot be listed under a writ of error, and any error committed by the trial court in sustaining the motion cannot be reviewed by writ of error. Section 2054, R. S. 1909, provides for a writ of error only on final judgment, and section 2038 applies only in case of appeals.

Error to Jackson Circuit Court.—*Hon. William O. Thomas,* Judge.

WRIT QUASHED.

*J. W. Jamison* and *Hadley, Cooper, Neel & Wright* for defendant in error.

A writ of error will not lie from an error sustaining a motion for new trial, as is sought ·in this case, hence the writ should be quashed. R. S. 1909, sec. 2054; Emerson v. Harriett, 11 Mo. 413; Padgett v. Smith, 205 Mo. 122; Kroeger .v. Dash, 82 Mo. App. 333.

*Yates & Mastin* and *George B. Strother* for plaintiff in error.

1 Black, Judgments, sec. 21, says: ''Where a controversy between two parties is ended so far as the court before which it is pending can end it, the judgment is then final, regardless of the mere matter of form.'' The lower court incorrectly and informally sustained a motion for a new trial (probably) instead of arrest of judgment *non-obstante veredicto;*

yet the effect of doing so was just as effective as if the latter had been done because it was on the ground that the peremptory instruction should have been sustained, which if done would have completely ended plaintiff's case in the lower court so that under the above quotation from Black, the finality is there although the form is not. Black further in sections 41, 43, says: "A final judgment or decree is one which determines the substantive merits of the controversy—all the equities in the case. . . . But it is none the less final, if after settling the equities, it leaves the necessity for some further action or direction of the court in the execution of the decree as it stands." The decisions in Missouri largely lean the other way, although Bank v. Riley, 8 Mo. App. 544, and St. Louis & San Francisco Ry. Company v. Evans, 85 Mo. 323, hold substantially to the Black doctrine, which seems to be the general doctrine throughout the United States. In the St. Louis & San Francisco case, supra, there was an order to turn over some fifty odd thousand dollars; while ordinarily an order to turn money over is not a final judgment, the court there held, after the exhaustive review of cases, that this in substance was a finality, although there were orders necessary to be made later on in the case. In addition to these authorities counsel on behalf of the defendant have appeared to the merits, and as far as it goes have given the court jurisdiction by waiving the technical points and virtually inviting and asking the court to pass on the merits.

ROY, C.—Homer S. Martin recovered judgment against the defendant in error for $14,000 as damages for personal injuries. A motion for a new trial on the part of the defendant was sustained. From the order sustaining that motion the plaintiff came to this court on a writ of error. Since the writ issued the

plaintiff died and the cause has been revived in the name of his administrator.

Defendant in error makes the point that the propriety of the trial court's action in sustaining a motion for a new trial cannot be tested under a writ of error. We think the point well taken. Section 2054, Revised Statutes 1909, provides for a writ of error only on a final judgment. Section 2038 gives the right to appeal from an order granting a new trial from an interlocutory judgment in an action of partition and in other cases there mentioned. Those sections were construed in Kroeger v. Dash, 82 Mo. App. 332, in a short but sound opinion, holding that a writ of error cannot be brought on an order granting a new trial for the reason that such order is not a final judgment. That opinion was cited with approval by this court in Padgett v. Smith, 205 Mo. 122.

The writ of error issued herein is quashed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.