DR. FRANK I. RIDGE, DEFENDANT IN ERROR, v. J. H. WITTMAN ET AL., PLAINTIFFS IN ERROR.—63 S. W. (2d) 154.

Kansas City Court of Appeals, June 12, 1933.

*L. L. Watts* for defendant in error.

*Charles P. Woodbury* and *Charles A. Stratton* for plaintiff in error.

TRIMBLE, J.—A writ of error herein was sued out to bring to this court the question of the validity of the trial court's ruling in an action for services rendered, commenced by Frank I. Ridge against J. H. Wittman and wife, in the sum of $225. It was brought in a justice's court in Kaw Township, Jackson County, Missouri, and through changes of venue, not necessary to specify since they are not questioned, finally reached the court of S. R. LAYTON, Justice of the Peace for Kaw Township in said county, wherein, on March 30, 1928, judgment was rendered against defendants J. H. Wittman and Mrs. Wittman, his wife, for $100 and costs. Defendants appealed to the circuit court where on September 19, 1928, the court affirmed Justice LAYTON's judgment for failure of defendants to give statutory notice of appeal. Whereupon defendants appealed to this court.

On March 2, 1929, the judgment was affirmed for failure of appellants, Wittman, to perfect or further prosecute their appeal.

From statements made in the record and briefs, we may venture to say that, after said affirmance of the judgment in this court, an execution was issued March 20, 1929, and on the same day the defendants, Wittman, filed a plea to the jurisdiction of the circuit court to enter judgment against them on the ground that the judgment rendered by Justice LAYTON was void because the trial and judgment were held "at a place outside of the jurisdiction of said justice of the peace." On said 20th day of March, 1929, defendants apparently filed a motion to stay execution on the ground that said Justice LAYTON "attempted to and did hear said cause and render said judgment therein, outside the boundaries of his justice of the peace district" and on the same date said defendants also filed what is denominated a "Petition for Writ of Error *Coram Nobis*" on the ground that said Justice LAYTON "was without jurisdiction, at said time and place (the latter not specified), to hear and determine said cause and to render the judgment he did attempt to render therein." On March 23, 1929, the court overruled all three of these, the plea to the jurisdiction, the motion to stay execution and the petition for Writ of Error *Coram Nobis*.

Thereafter, on March 30, 1929 (it seems to be conceded), defendants

filed motion to ''Stay, Set Aside and Quash Execution'' on the ground that the judgment by Justice LAYTON ''is null, void and of no force and effect for the reason that said justice of the peace attempted to and did hear said cause and rendered judgment therein outside the boundaries of his district.''

On April 13, 1929, the circuit court sustained said last named motion, after setting aside the overruling of all three so-called motions, and also sustained the plea to the jurisdiction.

On April 17, 1929, at the March term of that year, the trial court (on motion of plaintiff Ridge to set aside the order staying, setting aside, and quashing execution and the order sustaining defendants' petition for a writ of error *coram nobis*), set aside each and every one of the orders made in favor of defendants, for the reason that the same ''were and now are null and void.''

Thereupon the defendants, Wittman and wife, sued out in this court a writ of error.

No bill of exceptions was filed in said case of Ridge v. Wittman et al., and hence many of the things referred to in the foregoing statement are not obtained from the record since they are not preserved by any bill. But aside from references made in the briefs which seem to concede what was done, it is apparently necessary to state the things apparently done in order to properly understand what is sought to be done herein by this writ of error.

It is manifest that the grounds stated in most, if not all the motions attacking the judgment involved, are in fact mere conclusions of law and do not plead facts, and hence the motions are vulnerable to attack for this reason aside from any others. While, as said before, the absence of any bill of exceptions, prevents us from knowing many things alleged to be shown in the record, yet we gather in other ways by the apparent concessions in the briefs that Justice LAYTON is a justice appointed by the county court, with certain limitations as to his jurisdiction and power, attempted to be fixed by the county court notwithstanding the provisions of our Constitution. Wherefore the question of his jurisdiction is a question of law depending not only upon this but also other facts in the particular case. And a further trouble for plaintiffs in error arises from the fact that these motions do not, *of themselves*, prove even the few allegations of fact set up in them. Hence, even if the facts were sufficient to render void Layton's judgment, and even if the judgment he rendered could be collaterally attacked in the method and manner adopted by plaintiffs in error, still there are no facts alleged or preserved by bill which would justify the trial court in destroying the judgment of the justice as sought by the plaintiffs in error. It would seem that this, of itself, would preclude us from disposing of this case under the writ of error in any way favorable to the plaintiffs in error.

It seems to be contended by counsel for plaintiffs in error that as plaintiff (defendant in error here) filed a motion for new trial attacking *two* parts *only* of the trial court's judgment, i. e., the quashal of the execution and the granting of the petition for writ of error *coram nobis*, the order sustaining the plea to the jurisdiction and declaring both the judgments of the justice and the circuit court void, were not further contested; and the argument is that these matters were not before the court on April 17, 1929, when plaintiff's (defendant in error here) motion was heard. Counsel overlook the fact that the record shows nothing of any motion for new trial nor of what it contains. Again, it is overlooked that the trial court's order sustaining the plea to the jurisdiction and declaring the justice's judgment void, in answer to defendants' motion, was made, after the judgment in plaintiff's favor *had been affirmed* in the appellate court. Hence, for this reason alone, the court was right in setting aside the orders it had attempted to make seeking to destroy the judgment. This is true whether the order on account of which plaintiffs in error applied for and obtained said writ was a final judgment, or merely one of the steps taken during the proceeding. If it was the latter, then the writ of error herein should for that reason be dismissed. For it is clear that the statute, Section 1034, Revised Statutes of Missouri 1929, allows a writ of error only from a *final* judgment, though Section 1018, Revised Statutes of Missouri 1929, authorizing appeals is much broader. [Kroeger v. Dash, 82 Mo. App. 332; Strother v. Martin, 268 Mo. 429.] We think it was the latter, for the finality of the judgment in this case was suspended until the court ruled on the motion for new trial which plaintiffs in error in their briefs seem to concede was filed. [Riddlerbarger v. McDaniel, 38 Mo. 138; Walter v. Schofield, 167 Mo. 537, 547; St. Francis Mill Co. v. Sugg, 142 Mo. 364.]

It is scarcely necessary to add that where there is no bill of exceptions, matter occurring at the trial which is not a part of the record proper, but which were matters of exception, even though copied in the abstract along with matter rightfully in the record proper, cannot be considered. [State ex rel. v. Leichtman, 146 Mo. App. 295; Crowell v. Metta, 213 Mo. 683, 685; Pickel v. Pickel, 176 Mo. 673, 675.]

The motion of defendant in error to set aside the trial court's order (staying, setting aside and quashing execution and granting petition for writ of error *coram nobis*) was properly sustained. So that from whatever angle the matters herein may be considered, it is clear that the last action of the trial court should not be disturbed by us, and that, in any event, the writ of error sued out herein should be. and therefore is hereby, dismissed. The other judges concur.