————o————

JOSIAH LEE, Appellant, *vs.* EVAN B. BOWMAN, *et al.*, Respondents.

1. *Ejectment—Proceedings for compensation for improvements—Notice—What sufficient—Rents and profits—Damages for waste, etc.—*In proceeding under the statute, (Wagn. Stat., 561-2, §20, *et seq.*) by one against whom judgment had been obtained in ejectment, for improvements made by him "in good faith," prior to his having had notice of the adverse title, *held*, that the "notice" contemplated by the law, which would defeat plaintiff's claim for improvements thereafter added, was not confined to the notice in writing mentioned by § 28, but embraced any such information as would put a man of ordinary prudence upon inquiry.

In such proceeding defendant would not be entitled to recover by way of counter-claim rents and profits, or to recover damages for waste and injury prior to the rendition of judgment in the ejectment suit.

*Appeal from Daviess Circuit Court.*

The Appellant—plaintiff below—after recovery against him in ejectment by the respondents, brought this suit to recover the value of his improvements on the land so recovered, and enjoined the respondents from entry and possession, until the

determination of this suit by injunction. For statement see also opinion of court.

*McFerran & Davis*, for Appellant.

I. The court below erred in admitting testimony against the appellant's objections, conducing to prove an equitable notice to appellant of respondents' claim of title, at and before the making of the improvements sued for to bar plaintiff's right of recovery. The law contemplates a legal notice in writing. The notice required by the statute, and no other, would constitute a bar. (Wagn. Stat., 562, § 28.) The statute gives a remedy for a matter that was not actionable at common law, and at the same time provides the means for executing it. Hence it cannot be executed in any other way. (Potter's Dwar. Stat., 275, n. 5, and cases cited.)

II. The court below erred in admitting testimony to go to the jury of damages, waste, rents and profits against appellant's objections. Such damages, &c., could only be recovered in the original action of ejectment. (Cochran vs. Whitesides, 34 Mo., 417; Beal vs. Harmon, 38 Mo., 435; Wagn. Stat., 560, § 13.)

III. The court below erred by instructing the jury in effect that equitable notice was a bar to appellant's claim for improvements, without reference to his good faith and belief, and by refusing the appellant's instructions to the effect that his right to recover in the absence of a notice in writing according to the terms of the statute, depended on the appellant's good faith at the time of making the improvements, and his belief that he had good title to the land. (Wagn. Stat., 561, §§ 20, 21; Dothage vs. Stuart, 35 Mo., 251.) Equitable notice might go to the jury upon the question of plaintiff's good faith, but could not operate of itself as a bar.

*Daniel Metcalf*, for Respondents.

I. The statute does not contemplate a written notice. (Russell vs. DeFrance, 39 Mo., 506; 2 Sugd. Vend., § 56; Blackw. Tax Tit., 587, 588; 2 Sto. Eq., 799a and b, and note 1; 2 Sugd.

Vend., 523–5. See also VanHorne vs. Fonda, 5 Johns. Ch., 388 ; Gillespie vs. Moon, 2 Johns. Ch., 585 ; Patrick vs. Marshall, 2 Bibb., 40 ; Ormsby vs. Hunton, 3 Bibb., 298 ; Barlow vs. Bell, 1 A. K. Marsh., 246 ; Howe vs. Logwood, 3 A. K. Marsh., 388 ; McKem vs. Moody, 1 Rand., 58 ; Pugh vs. Bell, 1 J. J. Marsh., 399 ; Baltimore vs. McKim, 3 Bland., 453.)

II. Appellant had such notice as to put a man of ordinary observation on his guard. If he had the means of knowledge within his power, and remained wilfully ignorant, then he cannot recover. (Speck vs. Riggin, 40 Mo., 405 ; Vaughn vs. Tracy, 22 Mo., 415 ; Blackw. Tax Tit., [2 Ed.] 588–590.)

III. Under § 13 p. 1016, Wagn. Stat., there can be no question as to the respondent's right to recover by the way of counter-claim for the wood, timber, &c., taken off the land by the appellant, during his occupancy. This could not have been recovered in the action in ejectment, because the most of the improvements were made since the judgment in ejectment, and most of the rents have accrued since that time. (Gordon vs. Bruner, 49 Mo., 570 ; Hay vs. Short, *Ib.*, 139 ; Wagn. Stat., 1016, § 13 ; Grand Lodge vs. Knox, 20 Mo., 433 ; House vs. Marshall, 18 Mo., 368.)

SHERWOOD, Judge, delivered the opinion of the court.

E. B. Bowman and others recovered judgment in ejectment against Josiah Lee. Before, however, that recovery was made effectual by the usual writ, Lee under the provisions of the statute to that effect, instituted the present proceeding for compensation for improvements made, alleging in his petition those matters of statutory designation which entitled him to the relief sought. The defendants answered, controverting the material averments of the petition, and claimed by way of counter-claim or recoupment, that they were entitled to recover of the plaintiff for the rents and profits of the premises sued for, and for the waste and injury committed thereon by the plaintiff; but the answer did not allege at what period the waste and injury were

done, nor designate the time from which the rents and profits were to be computed, whether prior or subsequent to the termination of the action brought by the defendant. A jury was impaneled and the parties went to trial, but in consequence of the adverse rulings of the court, the plaintiff took a non-suit, and has brought this case here by appeal.

Passing by certain minor points exhibited by the record, we will devote ourselves to the discussion of those which alone are deemed worthy of specific mention. The court below was clearly right in its construction of those sections of the statute upon which plaintiff's claim was founded. The very existence of that claim depended on the question whether the improvements for which compensation was asked, were made " in good faith ;" and as this phrase has an equitable origin, resort must be had to works on equity jurisprudence to ascertain under what circumstances, the phrase is applicable ; and an examination of these authorities will show beyond question, that notice and good faith cannot co-exist. For it is an equitable doctrine of universal recognition, that he who takes with notice of the claim of another, takes subject to that claim. Notice in this connection, does not mean direct and positive information, but anything calculated to put a man of ordinary prudence on the alert, is notice. So that it will be readily perceived, that the statute under consideration by the adoption of the terms "notice" and "good faith," adopted them with the full force and meaning which attached to them as inseparable incidents in that system of jurisprudence from whence they were derived. If the testimony adduced in this case by the defendants deserves credence, there can be no room for doubt that the plaintiff before he purchased the land sued for, received information of such a character as ought to have compelled investigation. No notice in writing was necessary in order to put him on inquiry. After the clue was furnished him, he was manifestly chargeable with knowledge of all those facts to which that clue, if properly followed, would have led. The sole object of § 28 of the ejectment Act, was to furnish a mode whereby the "occupying claimant" could be conclusively bar-

red and cut off from recovery for improvements made, after being notified in the manner in that section prescribed, thus leaving the equitable doctrine as to notice, incorporated in the prior provisions of the act referred to, entirely unaffected by anything in that section contained. Any other conclusion than this, would defeat the manifest purpose which induced the passage of the act, and be reached at the hazard of the grossest injustice. It would be in effect saying to the occupying claimant: "make all the improvements you desire on the land of another and your compensation for them is secure, so long as your knowledge of a title superior to your own, does not assume the shape of a written notice." The law never intended, and will not tolerate any such absurdity.

So far then as concerns the points just discussed, no ground for a reversal is seen.

There was evident error, however, in not rejecting all the evidence offered by defendants concerning rents and profits in support of their counter-claim; and in not confining their evidence as to waste and injury, to a period subsequent to the rendition of the judgment in ejectment. And the very plain provisions of §§ 13, 15 and 16, of the ejectment Act, conclusively show this. For § 13 provides, that the prevailing plaintiff "shall recover damages for all waste and injury, and by way of damages the rents and profits, down to the time of assessing the same." And § 15, under circumstances like those which attended the judgment recovered by the defendants in their action for possession, requires the jury to "find the monthly value of the rents and profits." Now it is an obvious fact, that the finding of the jury in this regard would be utterly devoid of meaning, unless it were designed as the basis of some future computation. And this idea finds abundant confirmation in the requirements of § 16, that where the plaintiff recovers judgment for the premises, he shall also recover "the damages assessed, and the accruing rents and profits at the rate found by the jury, from the time of rendering the verdict until the possession of the premises is delivered to the plaintiff." The result therefore of the

judgment in favor of the defendants, was to merge and include in such judgment, all injuries resulting from the adverse occupancy, the accruing rents and profits down to the time of obtaining possession, and the damages for waste and injury at the time of the assessment thereof. But in the very nature of things the verdict could not be anticipatory of waste and injury in future; and for this reason such matters would obviously be proper subjects for recoupment or counter-claim, and evidence relating thereto unquestionably admissible.

No errors, other than those above mentioned, have been observed, but on account of those the judgment must be reversed and the cause remanded.

The other judges concur.