W. L. BRANDON, RESPONDENT, v. J. W. STONE AND MYRTLE STONE, APPELLANTS.—162 S. W. (2d) 83.

Springfield Court of Appeals, May 14, 1942.

*John W. Noble* for appellants.

*Tedrick & Tedrick* and *A. M. Spradling* for respondent.

BLAIR, P. J.—There is no dispute in this case but that plaintiff (respondent) was entitled to a judgment for the face of the note set

forth in the first count of the trial petition and the court foreclosure of the deed of trust securing same, and the only amount in dispute in this appeal is the amount awarded respondent under the second count of the trial petition, with a further order or decree of the court that plaintiff was entitled to a lien on the premises described for such improvements. Defendants appealed and the amount really in controversy is the sum of $6500 and within our appellate jurisdiction. [Sleyster v. Eugene Donzelot & Son (Mo.), 20 S. W. (2d) 69; Sec. 2078, R. S. Mo. 1939.] ·

The real controversy grows out of the allowance to plaintiff in the judgment of the sum of $6500 for improvements made on the premises from the time of an ineffective foreclosure of the deed of trusts on the premises until defendants' right of possession was established by the Supreme Court of Missouri in Stone et al. v. Hammons et al., 146 S. W. (2d) 606. It was held by the Supreme Court in that case that respondent chilled the bidding at the sale under the attempted foreclosure of the deed of trust in accordance with the terms of the said deed of trust, and that said foreclosure should be set aside and the trustee's deed to plaintiff was cancelled and said deed of trust reinstated.

In the meantime, certain improvements on the premises, alleged by the respondent to have been in the sum of $15,000, were made by said respondent. The present action was to foreclose said reinstated deed of trust and to have the value of the improvements made declared a lien on the premises. The plaintiff below was decreed foreclosure of said deed of trust and allowed by the trial court the sum of $6500 for his improvements on the premises and said $6500 was decreed to be a lien on said premises and defendants below have appealed to this court from that judgment and the propriety of that allowance is really the sole question before us. While in this court four assignments of error are made to-wit:

"(1) Because as a matter of law the improvements could not have been made in good faith.

"(2) Because under the pleadings, the law and the evidence, the plaintiff was not entitled to the equitable relief granted by the court.

"(3) Because upon the law and the evidence the judgment of the court should have been for the defendants.

"(4) Because the amount of the rents and profits found by the court for defendants is inadequate."

Really only two points are here involved, to-wit, the right of the circuit court to make respondent any allowance at all, and decree it a lien, together with the adequacy of the finding of the circuit court as to rents and profits to which appellants were entitled while respondent wrongfully held possession of said premises under such ineffective trustee's deed.

674

The first question before us is the right of respondent to have a lien for improvements under the circumstances appearing in this case.

Plaintiff alleged in his trial petition that he had made such improvements after the sale was had under his deed of trust and after he had a judgment of the circuit court of Mississippi County holding appellants to be trespassers on said land, and adjudging respondent to be the owner thereof, and he had made such improvements in good faith in reliance thereon and upon advice of his attorneys that there was nothing in appellants' claim. As we understand the evidence, appellants had taken an appeal to the Supreme Court before the improvements were made. The trial court found as follows:

"The court further finds from the evidence that on the 2nd day of November, 1938, the above described property was sold under foreclosure of said deed of trust, and that plaintiff purchased said property at said foreclosure sale for the sum of $2,800, and was executed a deed therefor by the trustee; that a motion was filed to set aside said deed and cancel same, which motion was overruled by the Court and an appeal was taken to the Supreme Court; that on the 10th day of December, 1940, the Supreme Court of Missouri rendered a decision reversing the judgment of the trial court and finding that the sale was void, and re-instating the deed of trust heretofore described on the grounds that certain statements were made at time of said foreclosure sale which froze the bidding, which mandate was entered of record and offered as evidence in this cause. Therefore, the Court finds that the plaintiff is entitled and is granted the right to foreclose, and that plaintiff is entitled to a judgment against the defendants, and each of them, or either of them, and the right to sell the property for the purpose of satisfying said note and deed of trust after paying the costs and expense of said proceeding.

"The court also finds from the evidence that after the foreclosure sale of said property, to-wit: on the 2nd day of November, 1938, that an ejectment suit was instituted by the plaintiff against the defendants, and that on the 20th day of February, 1939, being the regular February Term of the Circuit Court of Mississippi County, Missouri, said cause was submitted to the court, and the Court found the issues for the plaintiff, finding that the defendants, J. W. Stone and Myrtle Stone, were guilty of trespass and ejectment, and that the plaintiff, W. L. Brandon, was entitled to the possession of the property and ordered and directed that the possession thereof be delivered to this plaintiff, and that plaintiff went into possession of said property on March 1, 1939, and after taking possession of said property, the Court finds from the evidence that the defendants sold to the plaintiffs a Delco Light Plant which was used for the purpose of lighting the buildings and premises, and after taking possession of the property, and prior to the rendition of the judgment by the Supreme Court, the

Court finds from the evidence that the plaintiff expended large sums of money improving said property, which the testimony shows was around $15,000; and the Court finds that this sum was spent in good faith, under the evidence; that the plaintiff believed he was the owner; that he had a deed from the trustee; that he had received a judgment from the Circuit Court of Mississippi County, Missouri; and that defendants had sold to him the personal property, to-wit, the Delco Light Plant, and believing this expended the said amount; and further that no claim or notice from either of the defendants, except the appeal, was given the plaintiff. The Court finds that the value of the property due to these improvements has been increased in the sum of $6500, and that same being paid for by the plaintiff believing that he was the owner, the Court finds that he is entitled to a lien upon said property in the sum of $6500 for said improvements, being the amount the property has been increased by reason of same, subject to the note and deed of trust and costs, and that unless the amount of balance due on the note and deed of trust, and the amount due plaintiff for the improvements, to-wit: $6500, is fully paid, that the plaintiff is entitled to and is hereby authorized and given the right to proceed to sell said property under special execution after thirty days from date of this judgment. The above thirty days being given to defendants to redeem same if they so desire.''

Upon the cross-bill filed by appellants, the trial court found as follows:

''The Court further finds upon defendants' cross-bill that the defendants are the owners in fee simple of the property herein before described, subject to the amount due on plaintiff's note executed by the defendants, and subject to debt of $6500, which the court finds the property has been increased in value due to the improvements and money expended. The Court also finds that since March 1, 1939, plaintiff has been in possession of said property under sale made on November 2, 1938, which sale was held to be void by the Supreme Court of Missouri, therefore, said defendants are entitled to rents and profits from said property in the amount of $35 per month from said 1st day of March, 1939, until this date, and will be entitled to $35 per month until possession is restored to them, or until property is sold and disposed of legally, which amount they are entitled to credit upon said note held by plaintiff.''

After such finding of facts, the trial court concluded as follows:

''Wherefore, it is considered, ordered and adjudged by the Court that the equity of redemption of defendants herein, and each of them, and all persons claiming under them, or either of them, in and to said real estate hereinbefore described, be and the same is hereby foreclosed, and that the plaintiff have and recover of and from the defendants the sum of $3201.60 the balance due on said note and deed of trust, with interest thereon at the rate of 6 per cent per annum

from this date, and it is also ordered and adjudged by he Court that plaintiff have and recover of and from the defendants the sum of $6500, the amount so found to be due plaintiff for the improvements made by said plaintiff on the real estate hereinbefore described, and that this judgment in the sum of $3201.60 for note and interest, and $6500 for the improvements, making a total sum of $9701.60, together with all costs be and the same is hereby declared a special lien against said real estate for which special execution may issue. It is also ordered by the Court that the defendants are granted a stay of execution for thirty days from the date of this judgment.

"It is further considered, ordered, adjudged and decreed by the Court that the defendants herein are the owners in fee simple of the hereinbefore described property, subject to the said sum of $9701.60, due plaintiff on note, principal and interest, and the improvements, and that said defendants recover of and from the plaintiff the sum of $968.33 for rents and profits due defendants from plaintiff from the 1st day of March, 1939, to date of this judgment, and for the sum of $35 per month until said defendants are restored to the possession of said property, or until it is legally disposed of, said rents and profits to be placed to the credit of defendants on plaintiff's judgment against them for the note and improvements."

After unsuccessful motion for new trial defendants in said suit were granted an appeal to this court and in this court make the four assignments of error before mentioned.

The "front door" question with which we are confronted is: Did respondent have any right to make improvements on the premises under the circumstances?

The general rule as cited by appellants is stated in 31 Corpus Juris, page 323, Sec. 31, as follows:

"As a general rule an occupant of land is not a possessor in good faith and hence is not entitled to compensation for improvements which he makes thereon after he has notice or knowledge that his title is defective, as where he has notice or knowledge of an adverse title or claim to the property in another, although, in some jurisdictions, he in good faith believes his own title to be the better in point of law; and this rule has been held to apply, although the owner knew that the improvements were being made and offered no objection. Thus an occupant is not entitled to compensation for improvements where he makes them after he has been informed by an attorney that he is not the owner of the land, or that his deed is invalid. But under some statutes, the occupant may recover for improvements which he made in good faith prior to notice of the adverse claim or title."

In support of this general rule appellants cite Brown v. Baldwin, 121 Mo. 106; Lee v. Bowman, 55 Mo. 400; Smith v. Mount, 149 Mo. App. 688, 129 S. W. 722; Richmond v. Ashcraft, 137 Mo. App. 191.

In Lee v. Bowman, *supra*, it is said, "notice and good faith cannot co-exist." "Notice in this connection, does not mean a direct

and positive information, but anything calculated to put a man of ordinary prudence on the alert, is notice.'' ''After the clue was furnished him, he was manifestly chargeable with knowledge of all those facts to which that clue, if properly followed, would have led.'' What was involved in the suit filed by appellants? They sought to set aside the trustee's deed, the very foundation of respondent's right or claimed right to be on the premises at all, alleging that the trustee's deed to respondent was not a proper deed, because the bidding at the sale had been chilled so that the premises did not bring as high a sale price as would otherwise have been obtained. The suit challenged respondent's right to occupy the premises at all. If the suit succeeded, the previous foreclosure sale would have been absolutely ineffective and respondent would have had no right whatever on the premises.

It is hard to see how more effective notice of an adverse claim could have been made than by a suit to cancel the very instrument by which respondent claimed any right at all to occupy the premises. Yet this is the very thing appellants sought to do in the suit they filed in Butler County after the ejectment suit was determined against them in Mississippi County. When appellants here appealed the suit instituted in Butler County, before any of the improvements were made on the premises, they effectively served notice on respondent that they still claimed that the deed of trust was invalid and that they were not satisfied with the judgment of the Circuit Court of Butler County, holding that the trustee's deed was valid and that appellants were trespassers. In other words, appellants advised respondent by their appeal that they were still claiming that respondent had no right on the premises.

We are compelled to hold that respondent had notice of the adverse claim of appellants. As Judge SHERWOOD in Lee v. Bowman, supra, said: ''notice and good faith cannot co-exist.'' We are driven to the conclusion that it was impossible for respondent to have made improvements on the premises in ''good faith'', when he had notice of an adverse claim of appellants wihch would, if true, have destroyed the very foundation of all respondent's rights to be on the premises at all. No matter if his attorneys did advise respondent that there was nothing in appellants' appeal and that there was no question that respondent's title was good, as the trial court must have found. The Supreme Court, however, held that the trustee's deed was not good. Respondent made the improvements voluntarily and under that risk, and he is not entitled to a lien under the circumstances, no matter if the trial court did find that respondent acted in good faith. He had notice and good faith and notice cannot co-exist.

But respondent says that the sale of the Delco Light Plant was an acknowledgment by appellants that they had no title and encouraged respondent to go ahead. Even if the court did not believe appel-

lant Stone's explanation of his motive in the matter, it plainly appears that a chattel mortgage existed on the light plant to some Arkansas firm, and respondent naturally would not want to buy another plant when there was already one quite handy and appellant Stone would be released from further obligations on his contract with the Arkansas firm. All respondent would need to do would be to reimburse appellants for payments made and step into their shoes for future payments. We are unable to see that the sale of the light plant with two *nisi prius* courts having confirmed respondent's rights indicated that appellants then declared by their actions that they had no confidence in and abandoned their adverse claim previously made. They evidently had faith in their claim or they would not have appealed.

Our conclusion is that respondent had full knowledge of appellants' claim, or at least notice thereof, when he made the improvements on the premises, and cannot now have a lien on the premises for them.

The only other question we need to consider is the sufficiency of the rents and profits awarded appellants. They certainly would not be entitled to rents and profits on the premises, as improved by respondent. They claimed that the trustee's deed to respondent was void because the premises were then worth $3500 to $4000, instead of the $2800 then bid for them by respondent, and the finding of such rents and profits at $35 per month must be approved.

For the error in decreeing any and all improvements on the premises to be a lien thereon, the judgment must be and is hereby reversed and the cause remanded to the Circuit Court of Butler County, Missouri, with directions to that court to render a judgment in accordance with this opinion. *Smith* and *Fulbright, JJ.,* concur.