**Logan M. MORRIS, Appellant,**

v.

**Dorothy A. ULBRIGHT and Ralph C. Ulbright et al., Respondents.**

**No. KCD 30490.**

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

246

Alan E. South, Crews, Milliard & South, Kansas City, for appellant.

Hill & Miller, Richmond, for respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Logan M. Morris filed suit to quiet title to certain real estate in Caldwell County against Dorothy Ulbright and her son Ralph. The trial court found against him but on appeal the Supreme Court adjudged Logan Morris to be the owner. *Morris v. Ulbright*, 558 S.W.2d 660 (Mo.banc 1977). Following this decision Dorothy Ulbright and Ralph Ulbright filed a counterclaim in which they sought to recover from Morris the value of improvements made on the real estate. Morris filed an answer to the counterclaim in which he prayed for the reasonable rental value of the property. The court, sitting without a jury, entered judgment in favor of the Ulbrights against Morris for $8,000 for the value of improvements made to the real estate; for $252.13 in

taxes paid by them and offset this amount by $720 for the reasonable rental value of the property. Morris appeals.

On this appeal Morris contends the Ulbrights failed to show they had made improvements in good faith without notice of Morris's adverse claim of title and that the amount offset as rent was inadequate. Reversed and remanded.

The background of this litigation is stated in *Morris v. Ulbright, supra.* Briefly, the initial controversy revolved around the legal effect of a deed from Frank Ulbright and his wife, Lina, to their son, Logan M. Ulbright and his bodily heirs. Logan M. Morris is the son of Logan M. Ulbright; however, he acquired the name Morris when he was adopted by his mother's second husband following her divorce from Logan M. Ulbright. The Supreme Court held that the adoption of Logan M. Ulbright (Morris) did not deprive him of title to the real estate because he took title as a purchaser under the deed from his grandparents to his father, and not as an heir of his father.

Prior to the decision by the Supreme Court, Dorothy Ulbright and her son, Ralph, had acquired record title to the real estate. Following the decision vesting title in Morris, Dorothy and Ralph filed a counterclaim alleging they had made improvements to the real estate and had paid taxes thereon and prayed for the value of the improvements and the amount of taxes paid. In his answer Morris alleged Dorothy and Ralph had actual knowledge of his claim of ownership and their claim for improvements was thus barred.

Dorothy and Ralph claimed the value of improvements made by them prior to the filing of the quiet title action under § 524.-160, RSMo 1969, frequently referred to as the "betterment statute." Both Dorothy and Ralph testified they knew of the deed to Morris's father, Logan M. Ulbright, and knew the legal question presented was whether or not Logan M. Morris after his adoption could take under the deed to Logan M. Ulbright and his bodily heirs. For an answer to the legal question of the

rights of Morris in this property after his adoption, Dorothy and Ralph consulted Attorney Cameron. Mr. Cameron wrote a title opinion in which he stated the adoption of Morris took him out of the line of inheritance of Logan M. Ulbright and thus Morris had no interest in the property. As a result he concluded good title was vested in Dorothy Ulbright and Ralph Ulbright.

Following the receipt of this opinion from their attorney, Dorothy and Ralph made improvements to the property. The court found the improvements were of a value of $8,000 and further found Dorothy and Ralph had paid taxes in the amount of $252.13 to which they were entitled to be paid by Morris. The court found the rental value of the property to be $720 and allowed that sum to Morris as a credit against the amount owed Dorothy and Ralph for the improvements.

On this appeal Morris contends Dorothy and Ralph had notice of his claim of ownership of the property and after full knowledge of this claim made the improvements and under these circumstances are barred from recovery for the improvements. Dorothy and Ralph concede in their brief that they knew Morris was claiming title prior to making any improvements but state the question presented in this case is whether or not the claim of ownership on the part of Morris rose to the statutory requirement of notice in § 524.160.

Section 524.160 provides:

If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements or hereditaments, such person may recover, in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements or hereditaments, prior to his having had notice of such adverse title.

One of the earliest cases under this section is *Lee v. Bowman*, 55 Mo. 400 (1874). In that case the court stated at p. 403:

For it is an equitable doctrine of universal recognition, that he who takes with notice of the claim of another, takes subject to that claim. Notice in this connection, does not mean direct and positive information, but anything calculated to put a man of ordinary prudence on the alert, is notice.

The court further stated "that notice and good faith cannot co-exist."

The court held that once a person is given a clue concerning a defect in his title, he is chargeable with knowledge of all facts to which that clue would lead him if he purposefully followed it. Dorothy and Ralph had more than a clue—they knew the precise claim Morris was making and the exact legal basis for it. Thus, Dorothy and Ralph's argument here that they did not have the notice required by the statute of Morris's claim before making improvements is not well taken. Dorothy and Ralph seem to contend the statute requires formal written notice. Neither *Lee* nor the cases following it have required written notice. *Martin v. McCabe*, 358 Mo. 118, 213 S.W.2d 497, 501[2, 3] (Mo.App.1948). There could be no doubt that Dorothy and Ralph had full notice as contemplated by the statute of Morris's adverse claim before they made the improvements.

Dorothy and Ralph place great reliance upon the fact they obtained an attorney's opinion as to the validity of Morris's claim before they made any improvements. They contend their good faith is shown beyond any question by the fact they obtained an attorney's opinion and, based upon his advice, they in all good faith believed they were the owners of the property and that Morris had no valid claim.

In *Brandon v. Stone*, 237 Mo.App. 671, 162 S.W.2d 83 (1942) suit was brought to set aside a deed under which the record owners claimed, and the judgment was entered in their favor. After this judgment the attorney for the record owners advised them the adverse claim to their title was without merit and based upon this advice and during the pendency of the appeal improvements were made. The court held the ad-

vice of the attorney that there was no merit in the adverse claim did not bring the making of the improvements within the good faith requirement. As in this case, the advice of the attorney in *Brandon* was proved to be erroneous.

In *Richmond v. Ashcraft,* 137 Mo.App. 191, 117 S.W. 689 (1909) the court stated that one who knows of a claim but had an honest but erroneous opinion of his own title could not recover for improvements made with full knowledge of an adverse claim. The court stated that a mistake as to the law in respect to his title would not alone defeat a claim for improvements, but that when one knows the facts and mistakes the law by thinking his title good when it is later held not to be, he cannot recover because his actions were taken with full knowledge of the facts. So here, it is not the fact that Dorothy and Ralph proceeded on an erroneous opinion of law and honestly thought they owned the property which defeats their claim. Rather it is their action in making the improvements with full knowledge of the facts of the claim of Morris.

There can be no doubt Dorothy and Ralph made the improvements with full notice of the claim of Morris but honestly believing they owned the property. Under *Lee v. Bowman, supra, Richmond v. Ashcraft, supra,* and *Brandon v. Stone, supra,* this bars their recovery. There is no escape from the well established law in this state that a claim under § 524.160 must fail if it is shown the improvements were made with notice of an adverse title. Because they claim under the statute and fail to show that the improvements were made without notice, their claim for improvements must fail.

The court granted Morris $720 as the rental value of the real estate, and he contends this amount is insufficient. It is well settled that the rental value is to be calculated on the land without the improvements. *Armor v. Frey,* 253 Mo. 447, 161 S.W. 829, 839[22] (1913). There was no evidence here as to the rental value of the property without the improvements to support that judgment.

The judgment in favor of Dorothy Ulbright and Ralph Ulbright in the amount of $8,000 for improvements is reversed and on this claim the court is directed to enter judgment in favor of Logan M. Morris. The judgment in favor of Dorothy Ulbright and Ralph Ulbright for $252.13 for taxes has not been attacked upon appeal and is affirmed. The judgment in favor of Logan M. Morris for $720 as the rental value is reversed and because there is no evidence upon which this court could enter a judgment, this claim is remanded for the reception of evidence as to the reasonable rental value of the property without improvements. *Capoferri v. Day,* 523 S.W.2d 547, 558[2, 3] (Mo.App.1975).

All concur.